# EXHIBIT A

A6024
90012
DEPT. 31)
SHEPPARD
WILEY OR

FILED
Superior Court Of California
County Of Los Angeles

DEC 19 2013

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Judi Lara

1 | Mark R. Thierman, Esq. (SBN 72913)
**THIERMAN LAW FIRM**
2 | 7287 Lakeside Drive
Reno, NV 89511
3 | Tel: (775)284-1500 / Fax: (775)703-5027

4 | David R. Markham, Esq. (SBN 71814)
**THE MARKHAM LAW FIRM**
5 | 750 B Street, Suite 1950
San Diego, CA 92101
6 | Tel: (619) 399-3995 / Fax: (619)615-2067

7 | Attorneys for Plaintiffs DAVID C. SALDANA, LADAISJA BREWSTER,
and MONICA CARLIN on behalf of themselves and all others similarly situated.
8 |
9 | *[ADDITIONAL PLAINTIFF COUNSEL LISTED ON NEXT PAGE]*

**SUPERIOR COURT OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES – CENTRAL COMPLEX WEST**

| | |
|---|---|
| DAVID C. SALDANA, LADAISJA BREWSTER, and MONICA CARLIN on behalf of themselves and all others similarly situated,<br><br><br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, LLC, a Delaware Limited Liability Corporation;  SMX, LLC, an Illinois Limited Liability Company;  STAFF MANAGEMENT, LLC, an Illinois Limited Liability Company and, DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. ___ **BC531096**<br><br>**CLASS ACTION**<br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION**<br><br>1) **Failure to pay Hourly Wages (Lab. Code, §200-204, 1194; IWC Order 2-2001);**<br>2) **Failure to Pay Overtime Wages (Lab. Code, §200-204, 1194; IWC Order 2-2001);**<br>3) **Failure to Provide Meal Periods or Compensation in Lieu Thereof (Lab. Code  § 226.7; IWC Order 5; Cal. Code Regs., Title 8 § 11050);**<br>4) **Failure to Provide Rest Periods or Compensation in Lieu Thereof (Lab. Code  §§ 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050);**<br>5) **Failure to Timely Pay Wages of Terminated or Resigned Employees (Lab. Code, §§ 201-203);**<br>6) **Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions (Lab. Code, § 226 (a),(b))**<br>7) **Violations of the Unfair Competition Law (Bus. & Prof. Code,  §§ 17200-17208)**<br><br>**DEMAND FOR JURY TRIAL** |

Class Action Complaint | Case No. _____

Plaintiffs DAVID C. SALDANA, LADAISJA BREWSTER, and MONICA CARLIN ("Plaintiffs"), by and through their attorneys of record, bring this action on behalf of themselves and all other persons currently or formerly employed-jointly by AMAZON.COM, LLC, SMX, LLC, STAFF MANAGEMENT, LLC, and, DOES 1 through 10 and DOES 1 through 10, inclusive (hereinafter collectively referred to as "Defendants" or "Joint Employers"). Plaintiffs hereby allege, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## I.

## INTRODUCTION

1.     This case arises from Defendants' collective failure to pay employees all compensable wages for time worked and/or subject to employer control and the failure to pay the requisite amount of straight-time, alternatively minimum wage, overtime and double-time wages for all time worked. The case also arises from Defendants' engagement of warehouse employees in a Joint Employment relationship, and a collective failure of the Joint Employers to provide its shared employees with uninterrupted and duty free meal and rest periods in violation of California law.  The violations alleged herein stem from one overarching, systemic and uniform company practice that requires employees to be subject to individual security searches on Defendants' premises after the employees clock out for meal periods and at the end of the day when employees clock-out for the end of their shifts. The individualized security search is done on Defendants' premises, and results in up to 20-30 minutes, or more, of additional compensable work each day because the employees remain under the direct control of the Defendants as Joint Employer of the Plaintiffs and those similarly situated.  The searches are easily feasible to be performed BEFORE the employees clock out for lunch or BEFORE they clock out for the end of their shifts, but in order to not pay wages, the individual on-premises security searches, done to protect the Defendants and their property, are systemically done AFTER the employee clocks out and interferes with the employees' ability to take full uninterrupted 30 minute lunches, full uninterrupted rest breaks and delays the employees ability to depart from the facility due to lines and volume of employees who are ending shifts.   By systematically placing the security check after the clock out area, Defendants are able to cut short employees of all compensable

- 1 -

1  time they are subject to employer control.  The result is a daily underpayment for all time worked,

2  daily interruptions in employee meal and rest periods, a failure to provide correctly itemized and

3  accurate wage statements showing all hours actually caused or suffered to work, and a failure to pay

4  all wages owed at separation to separated employees. Indeed, some employees are hired and fired on

5  such short notice, the company regularly and systematically fails to pay all wages owed in the manner

6  and in the time-frame  required by California Labor Code Section 203.

7        2.    This case is brought on behalf of certain California employees currently employed by, or

8  formerly employed by AMAZON.COM, LLC, a Delaware Limited Liability Corporation;  SMX,

9  LLC an Illinois Limited Liability Company;  STAFF MANAGEMENT, LLC, an Illinois Limited

10  Liability Company, and DOES 1 through 10, inclusive, all acting as Joint Employers of the

11  warehouse fulfillment employees in California. The proposed Plaintiff Class consists of all  non-

12  exempt hourly employees that are either "Pickers" or "Packers" at AMAZON's Fulfillment Center

13  Warehouses in California and others similarly situated, employed in California by Defendants, who,

14  during the period four years prior to filing the complaint through the time of trial, did not receive all

15  straight time or alternatively minimum wages, overtime and double-time owed.  Due to the systematic

16  security screening required jointly by all employer Defendants, employees still subject to employer

17  control were no paid properly calculated straight-time, overtime and double-time wages, were not

18  provided with compliant meal or rest periods due to the burdensome individual on-premises security

19  searches, were not provided with accurate wage statements, and were not paid all wages due at

20  termination. Plaintiffs also allege that based on violations of the wage and hour statutes identified

21  herein, that a claim is also brought pursuant to California Business & Professions Code Section 17200

22  et seq., challenging the Joint Employers' actions regarding security practices.  The practice, based on

23  information and belief is ongoing and continuous, and therefore, continues to result in lost wages and

24  damages to employees, at the appropriate time, pursuant to B&P Code Section 17204, Plaintiffs may

25  seek declaratory and/or injunctive relief as primary means to prevent employee loss of wages through

26  Defendants' collective conduct.

27        3.    Plaintiffs have sent notice to the California Labor and Workforce Development Agency

28  (LWDA) and to the agent for service of process of AMAZON.COM, LLC, a Delaware Limited

- 2 -

| Class Action Complaint | Case No. _____ |

1    Liability Corporation;  SMX, LLC, an Illinois Limited Liability Company;  STAFF

2    MANAGEMENT, LLC, ad Illinois Limited Liability Company, and DOES 1 through 10, inclusive,

3    to the extent such addresses are available by the California Secretary of State.  The notices have been

4    sent pursuant to the Private Attorney General Act of 2004 ("PAGA").  A true and correct copy of that

5    notice (courtesy copy of complaint omitted) is attached hereto as Exhibit "A" and is incorporated

6    herein by this reference.  At the appropriate time, Plaintiffs intend to amend this Complaint to include

7    allegations and remedies available under California Labor Code §§ 2699, *et seq.*, in order to recover

8    penalties as representative of the State of California, if the LWDA or the Division of Labor Standards

9    Enforcement (DLSE) do not take action within the prescribed time-period.  The PAGA provides:

10   "Notwithstanding any other provisions of law, a Plaintiff may as a matter of right amend an existing

11   complaint to add a cause of action arising under this part within 60 days of the time periods specified

12   in this part."  By serving of notice before one-year from any date of separation from the Joint

13   Employers, all Plaintiffs' claims under PAGA are timely and within the applicable statute of

14   limitations period.

**II.**

**JURISDICTION AND VENUE**

17       4.       Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil

18   Procedure, section 395.  AMAZON.COM, LLC, a Delaware Limited Liability Corporation;  SMX,

19   LLC, an Illinois Limited Liability Company;  STAFF MANAGEMENT, LLC, an Illinois Limited

20   Liability Company, and DOES 1 through 10, inclusive, all conduct business and commits Labor Code

21   violations in Los Angeles County, as well as Concord, California and each Defendant is within the .

22   jurisdiction of this Court for service of process purposes. The unlawful acts alleged have a direct

23   effect on Plaintiffs and those similarly situated within the State of California and Los Angeles County

24   and to employees in warehouse fulfillment centers located in San Bernardino, Patterson City,

25   Stockton, and Tracy California, as perhaps other locations within the state of California. AMAZON,

26   SMX, STAFF MANAGEMENT, and DOES 1 through 10, inclusive each jointly employs numerous

27   Class Members in Los Angeles County and surrounding counties.  There is no federal question at

28   issue, as the issues herein are based solely on California statutes and law, including the Labor Code,

- 3 -

| Class Action Complaint | Case No. _____ |

1   IWC Wage Orders, Code of Civil Procedure, Civil Code, and Business and Professions Code.

2       5.    Further, Business and Professions Code, section 17203 provides that any person who

3   engages in unfair competition may be enjoined in any court of competent jurisdiction.  Business and

4   Professions Code, section 17204 provides that any person acting on his or her own behalf may bring

5   an action in a court of competent jurisdiction.  Thus, the above entitled court maintains appropriate

6   jurisdiction to hear this matter.

7       6.    Based on information and belief, Plaintiffs allege that this entire action arises solely

8   under state law of the State of California and applicable regulations of the health, safety and wages of

9   the employees residing in the State of California.  Plaintiffs allege, on information and belief, that no

10   federal question is raised and that the Class Action Fairness Act (CAFA) 28 U.S.C. Section 1332(d)

11   does not apply, or in the alternative, that exceptions for local case or controversy under CAFA do

12   apply and prohibits removal of the action the federal court.

### III.

### <u>THE PARTIES</u>

**A.    The Plaintiffs**

7.    Plaintiff DAVID C. SALDANA is a resident of the State of California.  At all relevant

times herein, Plaintiff SALDANA was jointly employed by AMAZON.COM, SMX, STAFF

MANAGEMENT, and DOES 1 through 10, inclusive as a shared employee subject to common and

joint control.  He was called a "warehouse associate" and during the course of his employment was

regularly subjected to the Joint Employers' mandatory security searches, not permitted to leave the

Joint Employers' facilities for breaks and was not paid premium wages for non-compliant breaks, was

not paid for all work time wherein he was subject to the Joint Employer's control by security search.

The time involved in not *de minimis*, but required airport style inspections of person and belongings,

and Plaintiff estimates that meals and breaks were never provided in the amount of time required by

law and regulations.  He estimates that lunches were commonly cut short by 10 minutes or more, and

that post-clock out time for leaving at the end of shifts could run anywhere from 10-20 minutes and

sometimes longer if other employees presented issues (metal, shoes off, etc.)  Because SALDANA

clocked-out for lunches and at the end of shift before the mandatory security search, he was still

- 4 -

1   "caused and suffered to work" under the direct control of the Joint Employers, but was not paid for

2   that time at the requisite rate of pay, nor was he provided premium pay for  at his regular rate of pay

3   for shorted meal periods and rest periods as required by Labor Code Section 226.7 and Industrial

4   Welfare Commission (IWC) Wage Order 4-2004, Sections 11-12.   SALDANA remained an hourly

5   nonexempt employee of Defendants until January 8, 2013 and was not timely paid all wages due at

6   the time of his separation and his wage statements failed to itemize the additional compensable work

7   time related to the Joint Employers' security requirements and procedures that shorted his meal times,

8   rest periods, and end of shift searches. SALDANA's losses and wages, premiums, overtime pay

9   (when the delays placed his hours into overtime or he was already working an overtime shift

10  exceeding 8 hours in length), interest and penalties will be calculated in manner according to proof.

11  SALDANA's hourly rate of pay was approximately $12-$13 per hour.

12       8.       Plaintiff LADAISJA BREWSTER is a resident of the State of California.  At all relevant

13  times herein, Plaintiff BREWSTER was jointly employed by AMAZON.COM, SMX, STAFF

14  MANAGEMENT, and DOES 1 through 10, inclusive as a shared employee subject to common and

15  joint control throughout her employment.   She was called a "outbound Packer" and during the course

16  of her employment was regularly subjected to the Joint Employers' mandatory security searches, not

17  permitted to leave the Joint Employers' facilities for breaks and was not paid premium wages for

18  non-compliant breaks, was not paid for all work time wherein she was subject to the Joint Employer's

19  control by security search.  The time involved in not *de minimis*, but required airport style inspections

20  of person and belongings, and Plaintiff estimates that meals and breaks were never provided in the

21  amount of time required by law and regulations.  She estimates that lunches were commonly cut short

22  by 10 minutes or more, and that post-clock out time for leaving at the end of shifts could run

23  anywhere from 10-20 minutes and sometimes longer if other employees presented issues (metal,

24  shoes off, etc.)  Because BREWSTER clocked-out for lunches and at the end of shift before the

25  mandatory security search, she was still "caused and suffered to work" under the direct control of the

26  Joint Employers, but was not paid for that time at the requisite rate of pay, nor was she provided

27  premium pay for at her regular rate of pay for shorted meal periods and rest periods as required by

28  Labor Code Section 226.7 and Industrial Welfare Commission (IWC) Wage Order 4-2004, Sections

- 5 -

1   11-12.  BREWSTER remained an hourly nonexempt employee of Defendants until December 2,

2   2013, and was not timely paid all wages due at the time of her separation and her wage statements

3   failed to itemize the additional compensable work time related to the Joint Employers' security

4   requirements and procedures that shorted her meal times, rest periods, and end of shift searches.

5   BREWSTER's losses and wages, premiums, overtime pay (when the delays placed his hours into

6   overtime or he was already working an overtime shift exceeding 8 hours in length), interest and

7   penalties will be calculated in manner according to proof.  BREWSTER's hourly rate of pay was

8   approximately $10-$12 per hour.  As of at least December 6, 2013, BREWSTER had not received her

9   final pay from Defendants.

10      9.      Plaintiff MONCIA CARLIN is a resident of the State of California.  At all relevant

11  times herein, Plaintiff CARLIN was jointly employed by AMAZON.COM, SMX, STAFF

12  MANAGEMENT, and DOES 1 through 10, inclusive as a shared employee subject to common and

13  joint control throughout her employment.  She was called a "inbound Picker" and during the course

14  of her employment was regularly subjected to the Joint Employers' mandatory security searches, not

15  permitted to leave the Joint Employers' facilities for breaks and was not paid premium wages for

16  non-compliant breaks, was not paid for all work time wherein she was subject to the Joint Employer's

17  control by security search.  The time involved in not *de minimis*, but required airport style inspections

18  of person and belongings, and Plaintiff estimates that meals and breaks were never provided in the

19  amount of time required by law and regulations.  She estimates that lunches were commonly cut short

20  by 10 minutes or more, and that post-clock out time for leaving at the end of shifts could run

21  anywhere from 10-20 minutes and sometimes longer if other employees presented issues (metal,

22  shoes off, etc.)  Because CARLIN clocked-out for lunches and at the end of shift before the

23  mandatory security search, she was still "caused and suffered to work" under the direct control of the

24  Joint Employers, but was not paid for that time at the requisite rate of pay, nor was she provided

25  premium pay for at her regular rate of pay for shorted meal periods and rest periods as required by

26  Labor Code Section 226.7 and Industrial Welfare Commission (IWC) Wage Order 4-2004, Sections

27  11-12.  CARLIN remained an hourly nonexempt employee of Defendants until November 23, 2013,

28  and was not timely paid all wages due at the time of her separation and her wage statements failed to

- 6 -

1    itemize the additional compensable work time related to the Joint Employers' security requirements

2    and procedures that shorted her meal times, rest periods, and end of shift searches.  BREWSTER's

3    losses and wages, premiums, overtime pay (when the delays placed his hours into overtime or she

4    was already working an overtime shift exceeding 8 hours in length), interest and penalties will be

5    calculated in manner according to proof.  CARLIN's hourly rate of pay was approximately $10-$12

6    per hour.

7         10.     All Plaintiffs were systematically required to go through on-premises individual search

8    procedures after clocking out for meals, for attempting off premises rest periods, and at the end of the

9    day or shift.   Each day, this resulted in interrupted and shortened meal periods, interrupted or

10   shortened rest periods (or no rest period due to the hassle) and extended time at work under Joint

11   Employers' collective and shared control to get through the often 20-25 minute line to exit the

12   premises, all after being clocked out and unpaid.  Plaintiffs did not receive premium pay at their

13   regular hourly rate (approximately $12.50) for any non-compliant meal or rest period, nor did

14   Plaintiffs receive their proper amount of pay for the extra 15-25 minutes after they clocked out in

15   order to be subject to individualized on-premises search before leaving for their transportation.  All

16   observed all similar employees were subject to the identical policy and refusal to submit to individual

17   on premises search constituted grounds for termination.  Further, Plaintiffs managers provided no

18   reason why the security could not be conducted before clocking out for lunches or clocking out for

19   end of shifts.  Had such search requirement been conducted and then employees allowed to clock-out

20   for breaks and end of shifts, Plaintiffs would have been compensated for required work duties and

21   employer controls without having meal and rest breaks cut short and waiting another 15-25 minutes

22   to leave the work premises after clocking out for a shift.   Due to the hassle of security checks, many

23   employees simply did not take break periods as after the search, so few minutes were left that the

24   employee would be reprimanded and assigned a negative point (after too many, a termination would

25   follow) for late returns from break periods.

26        11.     Plaintiffs observed that due to the hassle of security checks, many employees simply did

27   not take break periods as after the search, so few minutes were left that the employee would be

28   reprimanded and assigned a negative point (after too many, a termination would follow) for late

- 7 -

Class Action Complaint                                    Case No. _____

1    returns from break periods. If employees clocked back in late, they would earn a negative mark and

2    be subject to termination.

3    **B.    The Defendants**

4        12.    Defendant, AMAZON.COM, LLC, is a Delaware Liability Corporation headquartered at

5    410 Terry Avenue, North, in Seattle, Washington, 98109, and is engaged in business in Los Angeles

6    County and throughout California. AMAZON operates one of the most well-known online

7    marketplaces in the country. Amazon.Com owns and operates over 50 warehouse distribution centers

8    across the United States, including, but not limited to, the States of Arizona, California, Delaware,

9    Indiana, Kansas, Kentucky, New Hampshire, New Jersey, Nevada,

10       13.    SMX, LLC is an Illinois Limited Liability Company. STAFF MANAGEMENT, LLC is

11   an Illinois Limited Liability Company. Both do business in the state of California. Both are

12   headquartered in the State of Illinois, and hold active status in California, but did not provide an

13   address in the public records maintained by the state of California for an agent for service of process.

14       14.    AMAZON obtains services of temporary employee agencies that also perform identical

15   tasks as AMAZON employee in the Fulfillment Center Warehouses. These entities are SMX and/or

16   STAFF MANAGEMENT, and other DOE entities who offer AMAZON jointly hired, shared and

17   controlled employees as part of a common enterprise. Some staffing services who provide "Packers"

18   "Pickers" and "Warehouse Associates" may also jointly employ the employees but at this time, their

19   true names are unknown and are named at this point as DOES 1-10.

20       15.    At all times relevant herein, Defendants, and each of them, maintained joint control and

21   were in law and in fact "Joint Employers" of said Plaintiffs and the proposed class and subclasses

22   they seek to represent. At all times relevant herein,  AMAZON retained and exercised the right to

23   control the manner and means by which SMX, STAFF MANAGEMENT, and  DOES 1-10

24   employees accomplished the work at Amazon.com locations. Amazon' supervisors directed and

25   controlled the work of DOE Defendant employees. Amazon.com exercises direct control over the

26   hours and other working conditions of all Plaintiffs and all similarly-situated hourly shift employees

27   who are paid on the payroll of DOES working at all Amazon.Com's warehouse locations in

28   California. Upon information and belief, employment data such as hours worked hourly rates of pay,

- 8 -

Class Action Complaint                                    Case No. _____

1   punch/clock systems and other benefit information is recorded in identical method for AMAZON

2   employees like Plaintiffs, and other staffing employees assigned identical positions by DOE entities

3   or by SMX and STAFF MANAGEMENT.

4       16.    As set forth below, persons employed by Amazon.Com were all subjected to the same

5   illegal policies and practices as those employed by DOE Defendants. Each employee of Defendants

6   (both AMAZON and all DOE Defendants) were all subject to an individualized personal security

7   search on the premises so that AMAZON could curtail any shrinkage of inventory of products

8   through worker theft. All workers, regardless of suspicion or no suspicion at all, were required clear

9   security when seeking to leave the premises for any reason, including meal breaks, rest breaks and

10  end of shift. The process was not *de minimis* and required at minimum a 5-7 minute, or more, delay

11  after clocking out for meals or end of shift. Although rest breaks were not clocked, if the employee

12  sought to leave the employers secured area, another search would take place, thus limiting rest breaks

13  to little more that 3-5 minutes, rather than 10 continuous minutes as required by law and applicable

14  orders of the Industrial Welfare Commission (IWC).

15      17.    The Joint Employers' search policy was required and not optional. The purpose of the

16  on-premises individual personal search was to prevent employee theft and was an essential part of the

17  job of the warehouse employees, and was done solely for the benefit of the employer to reduce loss

18  and ordained as a job duty of all employees to report or assist in loss preventions as a primary job

19  duty. The search is similar to an airport screening and subject to multiple people going through a

20  bottleneck in order to exit secured premises. However, the search is a required aspect of the job,

21  subject to termination for non-compliance, as the public has a right to avoid airports and take other

22  transportation if they wish. Plaintiffs and all other similar employees were required to remove all

23  personal belongings from their person such as wallets, keys, and belts, and pass through metal

24  detectors before being released from work and allowed to leave the facility. Defendants' policies and

25  practices required warehouse employees to leave their personal belongings such as cell phones in

26  their vehicles. Thus, warehouse employees were unable to engage in any personal activities during

27  the time spent waiting. Due to security, employees could not leave the premises for lunch and

28  remained essentially locked down for rest breaks as no one would have time to go out of the secure

- 9 -

1    area and return for a 10 minute rest period.

2        18.    Defendants, and each of them, required such individual security screenings after the

3    employees clocked out of their shift and before leaving the secured area for breaks.   Defendants'

4    policy did not pay any employee for any time related to the required security submission yet all time

5    was still under the direct control of the employer.   Plaintiffs allege that on a typical day, including

6    interfered with meal periods, shortened or interrupted rest periods and clocking out for end of shift

7    took as much as 30-40 minutes of time depending on the number of employees seeking to be screened

8    at the same time.  Each screening by definition was done by employer directive and the employee was

9    subject to the employer's control, but Plaintiffs, and other similar employees were not paid at their

10   regular rate of pay, at the minimum wage rate or at the appropriate overtime rate when shifts

11   exceeded 8 hours per day.  Further, meal and rest periods that were interrupted or cut short by the

12   security clearance search never resulted in payment of a premium wage as required by law.   Further,

13   there was no logistical obstacle that prevented the punch clocks from being stationed after the

14   security checkpoints and screenings were completed, such that break periods could be fully realized

15   without being cut short or interrupted by the search, and such that end of shift screenings could have

16   been performed while on the clock by leaving the clock out devices just beyond the security clearance

17   areas.

18       19.    Plaintiffs are unaware of the true names, capacities, relationships, and extent of

19   participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 100, but are

20   informed and believe, and based thereon allege, that said Defendants are legally responsible for the

21   wrongful conduct alleged herein, and therefore sues these Defendants by such fictitious names.

22   Plaintiffs will amend this complaint when their true names and capabilities are ascertained.

23       20.    Plaintiffs are informed and believe and, based thereon allege, that each Defendant,

24   directly or indirectly, or through agents or other persons, employed Plaintiffs and other members of

25   the class, and exercised control over their wages, hours, and working conditions. Plaintiffs are

26   informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to

27   this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in

28   all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other

- 10 -

Class Action Complaint                                    Case No. _____

1   Defendants.  The Defendants, and each of them, jointly managed, operated and controlled all aspects

2   of the manner and means of employee work and were a joint employer under California law and

3   liable for illicit wage and hour practices alleged herein.

### IV.

### GENERAL ALLEGATIONS

6   21.     During all, or a portion, of the Class Period, Plaintiffs and each member of the Plaintiff

7   Class were employed by Defendants, in the State of California.  Plaintiffs suffered damages, wage

8   loss and legally cognizable harm due to Defendants' policies and practices, and have standing to

9   bring this case individually and as representatives for other similarly impacted employees.

10   22.     Defendants hire hourly employees in their warehouses throughout California and each

11   uniformly and systematically requires as a condition for employment that the employee submit to

12   daily security search on the premises to protect property and prevent loss of merchandise through

13   theft.  Employees are not free to avoid the security clearance policy without being subject to

14   immediate termination or reprimand.

15   23.     The common impact of the policy to Plaintiffs and all other employees during the

16   proposed Class Period (defined as 4 years from the date of commencement of this suit until

17   commencement of trial in this matter) was as follows: (1) Employees would clock out for meal

18   periods, but then be held up anywhere from 5-15 minutes each day to go through security, leaving

19   only 15-25 minutes to have a meal break; (2)  Employees seeking a rest break off premises would

20   also have to submit to search again, interrupting and diminishing the possibility of have a full 10

21   minute duty free rest period for every four hours worked; (3)  Employees at the end of the shift were

22   required to clock out first, then go through individualized security inspection along with all other

23   employees whose shifts ended, which resulted in anywhere from 15-30 minutes, or more, of time

24   waiting before employees would leave the employers premises and seek their car or other

25   transportation away from the warehouse.  At all times prior to leaving the building to enter the

26   parking or transportation area, Plaintiffs and all employees remained under Employer control and

27   were subject to further direction, further search or other questions for any issue that might arise from

28   personal items that the company might suspect to be merchandise from the warehouse, yet all of this

- 11 -

Class Action Complaint                                    Case No. _____

1   time, as a matter of practice and corporate policy, was uncompensated.  All of these policies were

2   required by the Joint Employers, collectively, in their exercise of dominion and control over the

3   Plaintiffs and other similar employees.  The policies were systematic and continuous, only the

4   amounts of actual unpaid or uncompensated time varied among class members, in an amount that is

5   subject to aggregation and manageable class wide proof.

6       24.     The process described herein was systematic and continuous, and led many employees

7   to forego required meal and rest breaks simply because it became futile to try to take a break.  Even

8   with perfect planning, Plaintiffs stated that there was no way to get through security and on to a break

9   period without losing a minimum of 5 minutes of break time for any employee who left a secure area.

10  For Outbound Pickers, the problem was compounded because break areas (cafeteria) were beyond a

11  secured area, and as a result, at least 5-10 minutes or more (depending on how many employees were

12  trying to take a lunch concurrently) of time eroded away from a 30-minute meal period, leaving very

13  little time to obtain any food in the cafeteria and clock back in without 30 minutes.  On many

14  occasions, just the line to clock in threatened discipline for being late, irrespective of wait times from

15  the initial security clearance.  For Inbound Packers, the problem of the security checkpoint was only a

16  problem if the employee wanted to leave the premises, which again, would require a clock out first,

17  then the security search process.  Packers had access to the cafeteria without having to go through

18  security, Pickers did not.  Packers, however, would have to go through security after clock out if they

19  wanted to exit company premises and go to their vehicle or off site location, with the same result and

20  common impact as to Pickers, but perhaps with less frequency.

21      25.     The security policy resulted in a failure to pay all wages due for compensable work or

22  work time wherein Plaintiffs remained subject to employer control but was required to clock-out

23  before the security process was complete.  This policy and practice therefore violated California

24  Labor Code Section 200-202, Labor Code Section 1194 and IWC Wage Order 4-2001, Section 2.

25      26.     As a result of the use of the security clearance process, during the proposed California

26  Class Period, the Defendants, by virtue of centralized and uniform pay policies failed to provide

27  accurate, itemized wage statements to Plaintiffs and similarly situated employees as required by

28  Labor Code section 226.  In fact, each day, the time clock did not account for additional work duties

- 12 -

Class Action Complaint                                    Case No. _____

1   required by submitting to a lengthy security line on the premises, nor did it account for lunches that

2   were usually only 15 minutes or less in length after going through security.  Defendants had actual

3   knowledge that its security check process lead to interrupted and shortened breaks and had actual

4   knowledge that end of shift searches after clock out left employees, many of whom were into

5   overtime hours, with anywhere from 20-40 minutes uncompensated as the agreed rate of pay, whether

6   straight time, overtime or double-time.  By placing time clocks before the security checkpoint,

7   Defendants know that employees were still subject to control but not being remunerated for that time

8   as a result of Defendants' policies and practices.

9       27.     During the class period, Defendants failed to pay all wages owed Plaintiffs and similarly

10  situated terminated employees as required by Labor Code section 203.  This claim results not only

11  from failure to pay premium wages for missed, late, interrupted or short break periods under Labor

12  Code Section 226.7 and corresponding IWC Wage Order 4-2001 Sections 11 and 12, but also for

13  failing to pay for additional work time during clocked out meals and post clock out duties to submit

14  to on premises personal search.

15      28.     Business and Professions Code, section 17203 provides that any person who engages in

16  unfair competition may be enjoined in any court of competent jurisdiction. Business and Professions

17  Code, section 17204 provides that any person who has suffered actual injury and has lost money or

18  property as a result of the unfair competition may bring an action in a court of competent jurisdiction.

19  The claims for which restitution are owed relate to unpaid wages for late and interrupted meal periods

20  and for work periods at the end of each shift after clock out, but before employer required duties to

21  submit to search were completed.

**V.**

**CLASS ACTION ALLEGATIONS**

29.     Plaintiffs bring this action on behalf of themselves and all other similarly situated

persons as a class action pursuant to California Code of Civil Procedure section 382. Plaintiffs seek to

represent a Class composed of and defined as follows:

///

///

- 13 -

Class Action Complaint                                    Case No. _____

**Plaintiff Class:**

> All current and former hourly (nonexempt) warehouse employees employed by the Joint Employer Defendants in the State of California at any time beginning four years prior to the filing of this Complaint to the commencement of trial in this action who were subject to Defendants' security search policies.

30.     Further, Plaintiffs bring this action on behalf of themselves and all other similarly situated persons in Subclasses of the Plaintiff Class, defined as:

A.     **Unpaid Straight-time Subclass:** All members of the proposed Plaintiff Class who were subject to Defendants' policy and/or practice of requiring said employees to submit to individualized on-premises searches after having clocked-out in a given workday and who were not compensated by Defendants at their regular rate of pay for the amount of time it took to complete the security screening process;

B.     **Unpaid Overtime Subclass:** All members of the proposed Plaintiff Class who were subject to Defendants' policy and/or practice of requiring said employees to submit to individualized on-premises searches after having clocked-out in a given workday and who were not compensated for the amount of time it took to complete the security screening at appropriate overtime rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) in a workweek, or appropriate double-time rate of pay for hours worked in excess of twelve (12) hours in a day.

C.     **First Meal Period Subclass:** All members of the proposed Plaintiff Class who were subject to Defendants' policy and/or practice of requiring said employees to submit to individualized on-premises searches after having clocked-out for their first meal period, and who, as a result of the delay by the security clearance process, were not provided with full 30-minutes of uninterrupted, off-duty meal period time and who were not provided with compensation of one hour's pay at the employee's regular rate of pay.

D.     **Second Meal Period Subclass:** All members of the proposed Plaintiff Class who were subject to Defendants' policy and/or practice of requiring said employees to submit to individualized on-premises searches after having clocked-out for their second meal period (for shifts exceeding 10 hours in length) and who, as a result of the delay by Defendants' security clearance process, were not provided with full 30-minutes of uninterrupted, off-duty meal period time and who were not provided with compensation of one hour's pay at the employee's regular rate of pay.

- 14 -

| Class Action Complaint | Case No. _____ |

1         E.    **Rest Period Subclass:**  All members of the proposed Plaintiff Class who worked

2    periods of four hours or major fraction thereof who, as a result of Defendants' policy and/or practice

3    of requiring said employees to submit to individualized on-premises searches, were not permitted to

4    take an uninterrupted rest period of at least 10 minutes in length, and who were not paid

5    compensation of one hour's pay at the employee's regular rate of pay for each such day that a full 10

6    minutes uninterrupted rest period was not provided.

7         F.    **Waiting Time Subclass:**  All members of the proposed Plaintiff Class who,

8    within three years of the filing of the Complaint, were not paid all wages due at the time of their

9    respective separation/termination from the company based on the Defendants' failure to pay all wages

10   earned as a result of Defendants' individualized on-premises search policy requirement;

11        G.    **Wage Statement Subclass:**  All members of the proposed Plaintiff Class who,

12   within one year of the filing of the Complaint, were subject to a company practice of failing to

13   accurately itemize wage statements as a result of Defendants' individualized on-premises search

14   policy requirement;

15        H.    **UCL Subclass:**  All members of the proposed Plaintiff Class who are entitled to

16   the restitution of unpaid wages that occurred as a result of the employee being subject to Defendants'

17   individualized on-premises search policy requirements

18       31.    Plaintiffs reserve the right under Rule 3.765(b), California Rules of Court, to amend or

19   modify the Class description with greater specificity or further division into subclasses or limitation

20   to particular issues.

21       32.    This action has been brought and may be properly maintained as a class action under the

22   provisions of California Code of Civil Procedure section 382 because there is a well-defined

23   community of interest in the litigation and the proposed Class is easily ascertainable.

24   **A.**    **Numerosity**

25       33.    The members of the Class are so numerous that individual joinder of all of them as

26   Plaintiffs is impracticable.  While the exact number of the Class members is unknown to Plaintiffs at

27   this time, Plaintiffs are informed and believe, and based thereon allege, that there are more than 100

28   Class members, who, at all relevant times, were employed in the State of California.

- 15 -

| Class Action Complaint | Case No. _____ |

**B.    Commonality**

34.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

a.    Whether the Joint Employer Defendants are joint employers of the class members under California law;

b.    Whether the Joint Employer Defendants violated California law by failing to impose uniform policies in all their California facilities, which would have allowed class members to record and be paid for all time during which they were under the Joint Employers' control;

c.    Whether Defendants violated Labor Code section 204 by failing to pay all wages and overtime for periods of time employees were required to submit to individualized on-premises security searches;

d.    Whether Defendants violated Labor Code sections 510 or 1194 by improperly failing to pay the applicable overtime rate of pay when an employee worked more than eight (8) hours in a workday, but who were not compensated for time required to exit facilities due to Defendants' requirement that all such employees submit to individualized on-premises search before being allowed to leave the employer's premises;

e.    Whether Defendants violated Labor Code sections 226.7 and 512  and IWC Wage Order 4-2001, Section 11 & 12 by failing to provide full 30 minutes off-duty meal periods without interruption caused by Defendants' requirement that all such employees submit to individualized on-premises search after clocking out but before allowing employee to engage in a meal period;

f.    Whether Defendants violated Labor Code sections 226.7 and 512  and IWC Wage Order 4-2001, Section 11 & 12 by failing to authorize full 10 minute off-duty rest periods without interruption caused by Defendants' requirement that all such employees submit to individualized on-premises search before allowing

- 16 -

Class Action Complaint                                            Case No. _____

1    employee to engage in a rest period;

2    g.    Whether Defendants violates Labor Code section 226 by knowingly and

3    intentionally failing to provide accurate itemized wage statements showing all

4    hours worked at the appropriate and requisite rates of pay;

5    h.    Whether Defendants violates Labor Code sections 201 and/or 202 by not paying

6    Class Members who are no longer employed by Defendants all earned wages,

7    including straight time wages, overtime wages, and wages due under Labor Code

8    sections 510 and 1194, upon their termination of employment.  If so, whether

9    such violations were "willful" within the meaning of Labor Code section 203;

10   i.    Whether Defendants violated the Unfair Competition Law, Business &

11   Professions Code, section 17200, *et seq.*, by engaging in the conduct alleged in

12   this complaint;

13   j.    The effects and the extent of any injuries sustained by the Plaintiff Class and

14   Plaintiff Subclass members and appropriate type and/or measure of damages;

15   k.    The amount of restitution owed by Defendants attributable to violation of the

16   Unfair Competition Law by failure to pay overtime compensation to the class

17   members, and other wage violations;

18   l.    Appropriateness and nature of relief to each Plaintiff Class and Subclass member;

19   m.    The extent of liability of each Defendant, including DOE defendants, to each

20   Plaintiff Class and Subclass member; and

21   n.    Whether injunctive relief is appropriate to ensure Defendants' compliance with

22   the requirements of the Labor Code with respect to members of the Class who

23   are still currently employed by Defendants.

24   **C.    Typicality**

25   35.    The claims of the named Plaintiffs are typical of the claims of the Class. Plaintiffs and

26   all members of the Class and subclasses sustained injuries and damages arising out of and caused by

27   the Defendants' common course of conduct in violation of laws, regulations that have the force and

28   effect of law, and statutes as alleged.

- 17 -

Class Action Complaint                                    Case No. _____

D. **Adequacy of Representation**

36.     Plaintiffs have each agreed to serve as representatives of all similarly situated employees to raise common claims.  Each understands that they owe a fiduciary obligation to obtain competent counsel and take actions to promote, advance and prevail on the claims being made, not just individually, but for the collective group of employees as a whole.  Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have agreed to represent the proposed class and act as fiduciaries for their interests in addition to their own. Plaintiffs are aggrieved in a similar manner as the proposed classes and subclasses, with the only variation being the amount of loss and damage suffered by individual employees as a result of Defendants' common, uniform and systematic practice.   Counsel who represents Plaintiffs are competent and experienced in litigating large employment class actions.

E. **Superiority of Class Action**

37.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual Class members. Each Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to pay straight, minimum, overtime and double-time wages, and provide meal and rest periods.  A Class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**VI.**
**CAUSES OF ACTION**
**FIRST CAUSE OF ACTION**
**Failure to Pay Hourly Wages, alternatively Minimum Wages**
**(On Behalf of Unpaid Straight Time Subclass)**

38.     Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

39.     By failure to pay straight time wages, as alleged above, Defendants willfully violated the provisions of Labor Code section 204.  By failing to pay for all compensable work time, including

- 18 -

Class Action Complaint                                    Case No. _____

1    delays that were caused by Defendants' requirement for post-clock out individual on-premises

2    searches at the end of each shift and for any break periods where employees sought to be free from

3    employer control and premises.  Defendants willfully violated the provisions of Labor Code sections

4    204 and 1194.

5         40.    California law requires employers, such as Defendants, to pay compensation to all non-

6    exempt employees for all hours actually caused or suffered to work, including waiting time for

7    activities required by the employer.

8         41.    Named Plaintiffs and the proposed class at all times were non-exempt hourly employees

9    entitled to be paid compensation for all hours worked and all hours subject to the Defendants

10   requirements and controls on its premises, including time engaged in loss prevention security

11   searches.

12        42.    Defendants at no time paid compensation for time expended by employees related to

13   delays caused by the employer's required compliance with individualized searches when exiting the

14   warehouse, whether at straight time, overtime or double time rates as appropriate and as will be

15   shown by Defendants' payroll and punch clock data.

16        43.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein,

17   Named Plaintiffs and Unpaid Wage Subclass members have sustained damages, including loss of

18   compensation for straight time worked on behalf of Defendants in an amount to be established at trial,

19   prejudgment interest, and costs and attorney's fees, pursuant to statute and other applicable law.

20

21                              **SECOND CAUSE OF ACTION**

                                **Failure to Pay Overtime Wages**
22                          **(On Behalf of Unpaid Overtime Subclass)**

23        44.    Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as

24   if set forth herein.

25        45.    By failing to compensate for security clearance time and failing to allow for full 30

26   minutes meal periods, Plaintiffs and the class were engaged by the employer without pay so as to

27   comply with Defendants' mandated search policy.  Employees had no choice but to submit to the

28   process and there were insufficient personnel to permit a *de minimis* delay.  In fact for meal periods,

                                        - 19 -

| Class Action Complaint | Case No. _____ |

1   employees often were left with as little as 15 minutes after the search to eat and then clock back in

2   without negative reprimand. When shifts exceeded 8 hour or 12 hours in a workday, employees

3   subject to the security policy had wages at overtime and double time rates not paid for time still

4   subject to Defendants direct supervision and control. Defendants likely saved hundreds of thousands

5   of dollars by requiring the security search to be conducted after the employee clock out, even though

6   the security check could have been performed first and employees allowed to clock out as soon as the

7   process was completed. This procedure, by nature, appears designed to have minimized wages for

8   workers and maximize profits for the employer. As a consequence, Defendants illegally failed to pay

9   overtime wages, and in so doing, Defendants willfully violated the provisions of Labor Code sections

10   510 and 1194, IWC Wage Order 16-2001 and California Code of regulations, Title 8, section

11   11160(3).

12      46.   California law requires employers, such as Defendants, to pay overtime compensation to

13   all non-exempt employees for all hours worked over eight in a day or forty per week for overtime and

14   over twelve in a day for double-time.

15      47.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein,

16   Named Plaintiffs and the Overtime Subclass members have sustained damages, including loss of

17   compensation for overtime worked on behalf of Defendants in an amount to be established at trial,

18   prejudgment interest, and costs and attorney's fees, pursuant to statute and other applicable law.

19   **THIRD CAUSE OF ACTION**
**Failure to Provide Meal Periods or Compensation in Lieu Thereof**

20   **(On Behalf of the First Meal Period Subclass and the Second Meal Period Subclass)**

21      48.   Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as

22   if set forth herein.

23      49.   By failing to authorize and permit statutory meal periods, and by failing to provide

24   compensation for these meal periods, as alleged above, Defendant willfully violated the provisions of

25   Labor Code sections 226.7 and 512, IWC Wage Order No. 16-2001 and California Code of

26   Regulations, section 11160(11). The use of Defendants' security policy was to shift the process of

27   security onto the hourly employees purportedly off duty time, but in fact, this was a required duty by

28   employees to submit to search. As a consequence, virtually all meal periods during the class period

- 20 -

| Class Action Complaint | Case No. _____ |

1 | were non-compliant in that they were cut short and interrupted by the search protocol.

2 |     50.    As a result of the unlawful acts of Defendants, Plaintiffs and the Meal Period Subclass

3 | she seeks to represent have been deprived of meal periods, premium wages and/or other

4 | compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus

5 | interest, attorney's fees, and costs.

6 |     51.    Plaintiffs and the Meal Period Subclass they seek to represent request relief as described

7 | below. The nature of the claim is amenable for class treatment as anytime any employee wanted to

8 | leave the secure area of the employer's premises, they were subject to search that was taken away

9 | from what was supposed to be 30 continuous uninterrupted minutes of meal period time in order to

10 | comply with law.

11 | **FOURTH CAUSE OF ACTION**
**Failure to Provide Rest Periods or Compensation in Lieu Thereof**

12 | **(On Behalf of the Rest Period Subclass)**

13 |     52.    Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as

14 | if set forth herein.

15 |     53.    By failing to authorize and permit rest periods, and by failing to provide compensation

16 | for these rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code

17 | section 226.7. The use of Defendants' security policy was to shift the process of security onto the

18 | hourly employees purportedly off duty time, but in fact, this was a required duty by employees to

19 | submit to search. As a consequence, virtually all persons who sought rest periods during the class

20 | period that required individualized on premises search were non-compliant in that they were cut short

21 | and interrupted by the search protocol itself.

22 |     54.    As a result of the unlawful acts of Defendants, Plaintiffs and the Rest Period Subclass

23 | they seek to represent have been deprived of rest periods, premium wages and/or other compensation

24 | in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest,

25 | attorney's fees, and costs.

26 |     55.    Plaintiffs and the Rest Period Subclass they seek to represent request relief as described

27 | below.

28 |

- 21 -

Class Action Complaint                     Case No. _____

1

2

**FIFTH CAUSE OF ACTION**
**Failure to Timely Pay Wages Due At Termination**
**(On Behalf of the Waiting Time Subclass)**

3      56.     Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as

4   if fully set forth herein.

5      57.     California Labor Code section 203 provides that if an employer willfully fails to timely

6   pay wages, the employer must continue to pay the subject employee's wages until the back wages are

7   paid in full or an action is commenced, up to a maximum of thirty days of wages.

8      58.     All Waiting Time Claim Subclass members who ceased employment with Defendants

9   are entitled to unpaid compensation, but to date have not received such compensation.

10     59.     More than thirty days have passed since Plaintiffs and members of the Waiting Time

11  Subclass left Defendants' employment.

12     60.     Plaintiffs are informed and believe, and based thereupon allege, that Defendants

13  purposefully engaged in a common scheme and design to deprive employees of their full wages and

14  benefits under California law by failing to pay for all travel time, improperly automatically deducting

15  thirty minutes for a meal period without reference to whether employees actually took meal periods,

16  and failing to pay all hours over eight (8) in a day and over forty (40) in a workweek at the overtime

17  rate of pay and all hours over twelve (12) in a day at the double-time rate of pay.

18     61.     As a consequence of Defendants' willful conduct in not paying compensation for all

19  hours worked, the California Class Members whose employment ended during the class period are

20  entitled to thirty days' wages under Labor Code section 203, together with interest thereon and

21  attorney's fees and costs.

22

23

**SIXTH CAUSE OF ACTION**
**Failure to Provide Itemized Employee Wage Statements**
**(On Behalf of the Wage Statement Subclass)**

24     62.     Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as

25  if fully set forth herein.

26     63.     Defendants knowingly and intentionally failed to provide timely, accurate, itemized

27  wage statements including, inter alia, hours worked, to Plaintiffs and Wage Statement Subclass

28  members in accordance with Labor Code section 226(a) and applicable IWC Wage Orders.  Such

- 22 -

| Class Action Complaint | Case No. _____ |

failure caused injury to Plaintiffs and Wage Statement Subclass members, by, among other things, impeding them from knowing the amount of wages to which they are and were lawfully entitled and under-reporting wages and hours for which pay was due and owing.  At all times relevant herein, Defendants have failed to maintain appropriate records of hours worked by the Plaintiffs and Wage Statement Subclass members as required under Labor Code section 1174(d).

64.   Plaintiffs and Wage Statement Subclass members are entitled to seek injunctive relief requiring Defendants to comply with Labor Code sections 226(a) and 1174(d), and further seek the amount provided under Labor Code sections 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

### SEVENTH CAUSE OF ACTION
**Violation of the Unfair Competition Law**
**(On Behalf of each Class Member and Subclass Member)**

65.   Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

66.   Defendants' failure to pay all hourly and overtime wages for non-commute travel time owed, use the appropriate rate of overtime pay for shifts exceeding eight (8) hours of work per day and/or over forty (40) hours in a workweek and twelve (12) in a day, failure to authorize and permit meal and rest periods or pay appropriate compensation in lieu thereof, failure to fully reimburse for all business related expenses and constitute unlawful activity, acts and practices that are prohibited by Business and Professions Code sections 17200, *et seq*.  The actions of Defendants described above constitute false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code sections 17200, *et seq*.  Defendants have violated multiple provisions of California law and applicable regulations and Orders of the IWC that have the same force and effect of a violation of law. This includes, without limitation California Labor Code Sections 201-203, 226.7, 512, and 1194, which serve as statutory predicates for which restitution is owed by Defendants, as well as Wage Order 4-2001, Section 11-12, and applicable regulations of the California Code of Regulations that relate to record keeping, overtime pay calculations, and failure to properly account for and pay lost as a result of security policies referenced herein.

- 23 -

| Class Action Complaint | Case No. _____ |

1    67.    Named Plaintiffs are entitled to restitution and other equitable relief against such

2    unlawful practices in order to prevent future damage, for which there is no adequate remedy at law,

3    and to avoid a multiplicity of lawsuits.

4    68.    As a result of these unlawful acts, Defendants have reaped and continue to reap unfair

5    benefits and illegal profits at the expense of Plaintiffs and the proposed Class and the proposed

6    Subclasses they seek to represent. Defendants should make restitution for these ill-gotten gains to

7    restore to Plaintiffs and the members of the UCL Subclass the wrongfully under-reimbursed amounts,

8    underpaid wages and overtime pursuant to Business and Professions Code section 17203 and specific

9    performance of payment of penalties ordered under Business and Professions Code section 17202.

10    69.    Plaintiffs are informed and believe, and based thereon allege, that Defendants are

11    unjustly enriched through the acts described above and that he and the proposed Class have and

12    continue to suffer irreparable prejudice by Defendants' unfair practices.  Further, by engaging in such

13    activities, Defendants are illegally operating at an advantage to other law abiding employers in the

14    State of California and underpaying payroll and other applicable taxes that are collected by the State

15    and local governmental entities in California.  Plaintiffs are informed and believe that other

16    competitors in the market place, to the extent they require security screenings of the nature described

17    herein, render it part of the employees compensable "hours worked" as required by Wage Order 4-

18    2004, and track the time subject to employer control as required  under IWC record keeping

19    requirements.

20    70.    The illegal conduct alleged herein is continuing, and there is no indication that

21    Defendants will not continue such activity into the future. Plaintiffs allege that Defendants will

22    continue to fail to pay all hourly and overtime wages, appropriate overtime rates of pay for shifts

23    where overtime is clearly worked, fail to pay all wages due at termination, and fail to pay and avoid

24    paying appropriate taxes, insurance, and unemployment withholdings.

25                                        **VII.**

26                              **PRAYER FOR RELIEF**

27    WHEREFORE, Plaintiffs, on behalf of themselves individually and all members of the

28    proposed Plaintiff Class and subclasses they seek to represent, pray for relief as follows:

- 24 -

1    A.    Certification of this action as a class action on behalf of the proposed class;

2    B.    For an order certifying that action be maintained as a class action pursuant to Code of

3  Civil Procedure section 382 on behalf of a class of technicians or tower employees employed by

4  Defendants in the state of California within the last four and that notice of the pendency of this action

5  be provided to members of the California Class;

6    C.    Designation of the Named Plaintiffs as Class Representatives and Plaintiffs' attorneys as

7  Counsel for the Class;

8    D.    A declaratory judgment that the practices complained of herein are unlawful under

9  appropriate state law;

10    E.    If appropriate, injunctive relief, as permitted by California's Unfair Competition Law,

11  Business & Professions Code Section 17203, et seq.

12    F.    All appropriate state statutory penalties under Labor Code Sections 203 and 226;

13    G.    All appropriate meal period premiums for non-compliant meals periods of less than full

14  30 minutes in length of off duty time as required by Labor Code Section 226.7 and applicable IWC

15  Wage Orders;

16    H.    All appropriate rest period premiums for non-compliant rest periods of less than full 10

17  minutes in length of off duty time as required by Labor Code Section 226.7 and applicable IWC

18  Wage Orders;

19    I.    An award of compensatory and liquidated damages pursuant to Labor Code section

20  1194.2, and restitution to be paid by Defendants according to proof;

21    J.    Pre-Judgment and Post-Judgment interest, as provided by law;

22    K.    Such other equitable relief as the Court may deem just and proper; and

23    L.    Attorneys' fees and costs of suit, including expert fees and fees pursuant to California

24  Labor Code sections 1194, California Code of Civil Procedure sections 1021.5, and other applicable

25  state laws.

26    M.    For an order that Defendants make restitution to Plaintiffs and the California Class due

27  to its unlawful business practices, including unlawfully-collected compensation pursuant to California

28  Business and Professions Code sections 17203 and 17204; and

- 25 -

1    N.    Such other legal equitable relief as this Court deems necessary, just, equitable and

2    proper.

3                                        **THIERMAN LAW FIRM**
                                         **THE MARKHAM LAW FIRM**
4                                        **COHELAN KHOURY & SINGER**
                                         **HAMNER LAW OFFICES, LP**
5                                        **UNITED EMPLOYEES LAW GROUP, P.C.**

6

7    Dated: December 19, 2013            By:_____
                                              J. Jason Hill, Esq.
8                                             Counsel for Plaintiff AMANDA RIVERA and
                                              DAVID C. SALDANA, and all others similarly
9                                             situated

10

11                             **DEMAND FOR JURY TRIAL**

12       PLAINTIFFS hereby demand a jury trial with respect to all issues triable of right by jury.

13

14                                       **THIERMAN LAW FIRM**
                                         **THE MARKHAM LAW FIRM**
15                                       **COHELAN KHOURY & SINGER**
                                         **HAMNER LAW OFFICES, LP**
16                                       **UNITED EMPLOYEES LAW GROUP, P.C.**

17

18   Dated: December 19, 2013            By:_____
                                              J. Jason Hill, Esq.
19                                            Counsel for Plaintiffs AMANDA RIVERA and
                                              DAVID C. SALDANA, and all others similarly
20                                            situated

21

22

23

24

25

26

27

28

| Class Action Complaint | Case No. _____ |

**EXHIBIT  A**

# COHELAN KHOURY & SINGER

A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN, * APLC
ISAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER, ♦APLC

(*Also admitted in the District of Columbia)
(♦Also admitted in Colorado)

ATTORNEYS AT LAW

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000
www.ckslaw.com

JEFF GERACI ▵
J. JASON HILL†
KIMBERLY D. NEILSON

(† Also admitted in Illinois)
(▵ Of Counsel)

December 19, 2013

## NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO
## _LABOR CODE_ SECTION 2699.3

**To:** The California Labor and Workforce Development Agency (LWDA) and California Agents for Service of Process for AMAZON.COM, LLC, a Delaware Limited Liability Corporation; SMX, LLC, an Illinois Limited Liability Company; and STAFF MANAGEMENT, LLC, an Illinois Limited Liability Company.

**From:** DAVID SALDANA, LADAISJA BREWSTER MONICA CARLIN on behalf of themselves and all similarly situated aggrieved employees in the State of California, as individuals and as proposed Representatives of the State of California

**Factual Statement:**

This case arises from the collective and joint conduct of AMAZON.COM, LLC; SMX, LLC; and/or STAFF MANAGEMENT, LLC (hereinafter referred to as "Joint Employers") for their failure to pay employees all compensable wages for time worked and/or subject to employer control and the failure to pay the requisite amount of straight-time, alternatively minimum wage, overtime and double-time wages for all time worked. The case also arises from the Joint Employers' engagement of warehouse employees, and a collective failure of the Joint Employers to provide its shared employees with uninterrupted and duty free meal and rest periods in violation of California law. The violations alleged herein stem from one overarching, systemic and uniform company practice that requires employees to be subject to individual security searches on Defendants' premises after the employees clock out for meal periods and at the end of the day when employees clock-out for the end of their shifts. The individualized security search is done on Defendants' premises, and results in up to 20-30 minutes of additional compensable work each day because the employees remain under the direct control by Joint Employer of Claimants and other aggrieved employees in the State of California.

The searches are easily feasible to be performed BEFORE the employees clock out for lunch or BEFORE they clock out for the end of their shifts, but in order to not pay wages, the individual on-premises security searches, done to protect the Defendants and their property, are systemically done AFTER the employee clock-out and interferes with the employees' ability to take full uninterrupted 30 minute lunches, full uninterrupted rest breaks and delays the employees ability to depart from the facility due to lines and volume of employees who are ending shifts. By systematically placing the security check after the clock out area, Defendants are able to cut short employees of all compensable time they are subject to employer control. The result is a daily underpayment for all time worked, daily interruptions (or shortened time) in

NOTICE OF LABOR CODE VIOLATIONS
Re: AMAZON.COM, LLC, SMX, LLC, and STAFF MANAGEMENT, LLC
December 19, 2013
Page 2

employee meal and rest periods, a failure to provide correctly itemized and accurate wage statements showing all hours actually caused or suffered to work, and a failure to pay all wages owed at separation to separated employees. Indeed, some employees are hired and fired on such short notice, the company regularly and systematically fails to pay all wages owed in the manner and in the time-frame required by California Labor Code Section 203.

LADAISJA BREWSTER and MONICA CARLIN are former employees of the Joint Employers who separated from their employment in November-December 2013. DAVID SALDANA is a former employee of the Joint Employers who separated from his employment in January 2013. They intend to seek legal action against the Joint Employers based on the facts stated and alleged in the attached courtesy copy of their "Class Action Complaint for Damages, Injunctive Relief, Damages and Restitution." This Draft Complaint is incorporated into this Notice by this reference.

SALDANA, BREWSTER and CARLIN suffered damages and injury related to underpayment of wages and failure to have compliant meal and rest periods due to the Joint Employers' use of a mandatory security screening policy that is done after clock-out even though the employees are all subject to employer control. The policy essentially guarantees that every meal or rest period is cut short and interrupted in order to have a physical bodily search, and such search is required to be consensual in order to maintain employment with Joint Employers. Accordingly, Claimants SALDANA, BREWSTER and CARLIN are aggrieved employees, and hereby give notice to Joint Employers of their intent to bring a cause of action for violation for the Private Attorneys General Act of 2004 ("PAGA") for the Joint Employer's collective failure to comply with California's wage and hour minimum requirements. During the entire course of their employment, Joint Employers failed to provide said employees and those similarly situated with proper straight time pay (for time spent engaged in security search) overtime pay (when searches required hours over 8 per day or 40 per week), compliant meal periods, compliant rest breaks, accurate pay records and timely termination pay. As a consequence, the Joint Employers have failed to comply with Labor Code Section 201-203, 221-222, 226.7, Labor Code Sections 510, 512, 1194, 221-223, and Industrial Welfare Commission Wage Orders 4-2001, sections 11 & 12. The Joint Employers have and continue to fail to provide accurate, timely and itemized pay stub accounting records to current employees in violation of Labor Code Section 226(a). Claimants are also informed and believe that such violations are ongoing, systematic and continuous. Claimants intend to seek damages and lost wages, and to assert a claim under Private Attorney General Act ("PAGA") to recover penalties as provided by California law.[1]

---

[1]Without limitation, if permitted, claimants will seek any and all penalties otherwise capable of being collected by the Commission. This includes, each of the following, as is set forth in Labor Code Section 2699.5, which states:

> The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224,

**NOTICE OF LABOR CODE VIOLATIONS**
**Re: AMAZON.COM, LLC, SMX, LLC, and STAFF MANAGEMENT, LLC**
December 19, 2013
Page 3

**Theories of Labor Code Violations and Remedies:**

Claimants' theories of liability are included in the proposed Class Action Complaint, attached hereto. For purposes of specificity, the following allegations are pertinent:

DAVID C. SALDANA is a resident of the State of California. At all relevant times herein, SALDANA was jointly employed by AMAZON.COM, SMX, STAFF MANAGEMENT, and DOES 1 through 10, inclusive as a shared employee subject to common and joint control. He was called a "warehouse associate" and during the course of his employment was regularly subjected to the Joint Employers' mandatory security searches, not permitted to leave the Joint Employers' facilities for breaks and was not paid premium wages for non-compliant breaks, was not paid for all work time wherein he was subject to the Joint Employer's control by security search. The time involved in not *de minimus*, but required airport style inspections of person and belongings, and Plaintiff estimates that meals and breaks were never provided in the amount of time required by law and regulations. He estimates that lunches were commonly cut short by 10 minutes or more, and that post-clock out time for leaving at the end of shifts could run anywhere from 10-20 minutes and sometimes longer if other employees presented issues (metal, shoes off, etc.) Because SALDANA clocked-out for lunches and at the end of shift before the mandatory security search, he was still "caused and suffered to work" under the direct control of the Joint Employers, but was not paid for that time at the requisite rate of pay, nor was he provided premium pay for at his regular rate of pay for shorted meal periods and rest periods as required by Labor Code Section 226.7 and Industrial Welfare Commission (IWC) Wage Order 4-2004, Sections 11-12. SALDANA remained an hourly nonexempt employee of Defendants until January 8, 2013 and was not timely paid all wages due at the time of his separation and his wage statements failed to itemize the additional compensable work time related to the Joint Employers' security requirements and procedures that shorted his meal times, rest periods, and

---

subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, paragraphs (1), (2), and (3) of subdivision (a) of and subdivision (e) of Section 1701.4, subdivision (a) of Section 1701.5, Sections 1701.8, 1701.10, 1701.12, 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.

● ● ●

**NOTICE OF LABOR CODE VIOLATIONS**
**Re: AMAZON.COM, LLC, SMX, LLC, and STAFF MANAGEMENT, LLC**
December 19, 2013
Page 4

end of shift searches. SALDANA's losses and wages, premiums, overtime pay (when the delays placed his hours into overtime or he was already working an overtime shift exceeding 8 hours in length), interest and penalties will be calculated in manner according to proof. SALDANA's hourly rate of pay was approximately $12-$13 per hour.

LADAISJA BREWSTER is a resident of the State of California. At all relevant times herein, Plaintiff BREWSTER was jointly employed by AMAZON.COM, SMX, STAFF MANAGEMENT, and DOES 1 through 10, inclusive as a shared employee subject to common and joint control throughout her employment. She was called a "outbound Packer" and during the course of her employment was regularly subjected to the Joint Employers' mandatory security searches, not permitted to leave the Joint Employers' facilities for breaks and was not paid premium wages for non-compliant breaks, was not paid for all work time wherein she was subject to the Joint Employer's control by security search. The time involved in not *de minimus*, but required airport style inspections of person and belongings, and Plaintiff estimates that meals and breaks were never provided in the amount of time required by law and regulations. She estimates that lunches were commonly cut short by 10 minutes or more, and that post-clock out time for leaving at the end of shifts could run anywhere from 10-20 minutes and sometimes longer if other employees presented issues (metal, shoes off, etc.) Because BREWSTER clocked-out for lunches and at the end of shift before the mandatory security search, she was still "caused and suffered to work" under the direct control of the Joint Employers, but was not paid for that time at the requisite rate of pay, nor was she provided premium pay for at her regular rate of pay for shorted meal periods and rest periods as required by Labor Code Section 226.7 and Industrial Welfare Commission (IWC) Wage Order 4-2004, Sections 11-12. BREWSTER remained an hourly nonexempt employee of Defendants until December 2, 2013, and was not timely paid all wages due at the time of her separation and her wage statements failed to itemize the additional compensable work time related to the Joint Employers' security requirements and procedures that shorted her meal times, rest periods, and end of shift searches. BREWSTER's losses and wages, premiums, overtime pay (when the delays placed his hours into overtime or he was already working an overtime shift exceeding 8 hours in length), interest and penalties will be calculated in manner according to proof. BREWSTER's hourly rate of pay was approximately $10-$12 per-hour. As of at least December 6, 2013, BREWSTER had not received her final pay from the Joint Employers.

MONCIA CARLIN is a resident of the State of California. At all relevant times herein, Plaintiff CARLIN was jointly employed by AMAZON.COM, SMX, STAFF MANAGEMENT, and DOES 1 through 10, inclusive as a shared employee subject to common and joint control throughout her employment. She was called a "inbound Picker" and during the course of her employment was regularly subjected to the Joint Employers' mandatory security searches, not permitted to leave the Joint Employers' facilities for breaks and was not paid premium wages for non-compliant breaks, was not paid for all work time wherein she was subject to the Joint Employer's control by security search. The time involved in not *de minimus*, but required airport style inspections of person and belongings, and Plaintiff estimates that meals and breaks were never provided in the amount of time required by law and regulations. She estimates that lunches were commonly cut short by 10 minutes or more, and that post-clock out time for

**NOTICE OF LABOR CODE VIOLATIONS**
**Re: AMAZON.COM, LLC, SMX, LLC, and STAFF MANAGEMENT, LLC**
December 19, 2013
Page 5

leaving at the end of shifts could run anywhere from 10-20 minutes and sometimes longer if other employees presented issues (metal, shoes off, etc.) Because CARLIN clocked-out for lunches and at the end of shift before the mandatory security search, she was still "caused and suffered to work" under the direct control of the Joint Employers, but was not paid for that time at the requisite rate of pay, nor was she provided premium pay for at her regular rate of pay for shorted meal periods and rest periods as required by Labor Code Section 226.7 and Industrial Welfare Commission (IWC) Wage Order 4-2004, Sections 11-12. CARLIN remained an hourly nonexempt employee of Defendants until November 23, 2013, and was not timely paid all wages due at the time of her separation and her wage statements failed to itemize the additional compensable work time related to the Joint Employers' security requirements and procedures that shorted her meal times, rest periods, and end of shift searches. CARLIN's losses and wages, premiums, overtime pay (when the delays placed his hours into overtime or she was already working an overtime shift exceeding 8 hours in length), interest and penalties will be calculated in manner according to proof. CARLIN's hourly rate of pay was approximately $10-$12 per hour.

The result of Joint Employers' security policy ensured that all proper work time was not paid at the required rate of pay due to the placement of the time-clock before required security screening. This violated Labor Code Section 1194 and Sections 201-202. Any agreement to allow for the searches after clock time is void under Labor Code Section 206.5. The Joint Employers' also failed to provide meal periods for claimant and all other similarly situated employees as required by Labor Code Section 226.7, Labor Code Section 512, and Industrial Welfare Commission Wage Orders 4-2001(11). Therefore, Claimants are entitled to recover wages and/or penalties as provided by Labor Code Section 558 and applicable IWC Wage Orders. Furthermore, since Joint Employers' policy required exercise of direct control of the employees during their meal periods, the policy violates Labor Code Section 226.7(a), Claimants therefore will seek wages of one additional hour of pay as permitted by Labor Code Section 226.7(b) as well as all available penalties as set forth in Labor Code Section 2699(f.)

Claimants were at all times entitled to 10 minute duty-free rest breaks for approximately every 4 hours worked. The Joint Employers' policy collectively failed to authorize or permit rest breaks for claimants and all other similarly situated employees engaged in the same tasks and function as required by Labor Code Section 226.7, Labor Code Section 512, and Industrial Welfare Commission Wage Orders. The rest periods, although fictionally "permitted" did not exist as no employee could leave premises and leave the joint control of the employers' security before the requisite 10-minute time period was impaired or impossible to take. Therefore, Claimants are entitled to recover wages and/or penalties as provided by Labor Code Section 558 and applicable IWC Wage Orders. The required security clearance violated Labor Code Section 226.7(a) as to rest periods and Claimants seek wages of one additional hour of pay as permitted by Labor Code Section 226.7(b) as well as all available penalties as set forth in Labor Code Section 2699(f.)

● ●

**NOTICE OF LABOR CODE VIOLATIONS**
Re: AMAZON.COM, LLC, SMX, LLC, and STAFF MANAGEMENT, LLC
December 19, 2013
Page 6

Derivative claims also exist for the Joint Employer's collective failure to provide accurate itemized wage statements and to pay all wages due to former or separated employees in a timely manner as required by Labor Code Section 226(a) and 203, respectively. Because Claimants and all other aggrieved employees were not paid for compensable work time engaged in the required security line, the Joint Employer's knew that they were not paying all wages due or accurately reporting all time worked. Since the security policy is fully within the Joint Employers' power to control employees, Claimants contend that any policy that requires individualized search either pre or post shift clock time is an unfair business practice under California Business & Professions Code Section 17200, et seq. Employees must be allowed to clock-in before any such search and clock-out after any such search, period, or else the employers take a windfall of subjecting employees to dominion and control without pay.

Claimants are entitled to recover unpaid wages, with interest, and are entitled to an award of attorneys' fees as permitted by Labor Code Section 1194 and other penalties, as permitted by Labor Code Section 2699, Labor Code Section 210, and waiting time penalties for former employees, pursuant to Labor Code Section 203.

Respectfully submitted,

J. JASON HILL, ESQ.
COHELAN KHOURY & SINGER

Enclosure:
Draft Copy of Class Action Complaint

**VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT**

**California Labor and Workforce Development Agency**
801 K Street, Suite 2101
Sacramento, CA 95814

**VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT**

**AMAZON.COM, LLC**
c/o CSC - LAWYERS INCORPORATING SERVICE
2730 Gateway Oaks Dr., Suite 100
Sacramento, CA 95833

Courtesy copy to listed Corporate Headquarters:

**AMAZON.COM, LLC**
410 Terry Avenue, N
Seattle, Washington 98109

**NOTICE OF LABOR CODE VIOLATIONS**
**Re: AMAZON.COM, LLC, SMX, LLC, and STAFF MANAGEMENT, LLC**
December 19, 2013
Page 7

**SMX, LLC**
c/o CSC - LAWYERS INCORPORATING SERVICE
2730 Gateway Oaks Dr., Suite 100
Sacramento, CA 95833

Courtesy copy to listed Corporate Headquarters:

**SMX, LLC**
860 West Evergreen Avenue
Chicago, IL 60642

**STAFF MANAGEMENT, LLC**
c/o CSC - LAWYERS INCORPORATING SERVICE
2730 Gateway Oaks Dr., Suite 100
Sacramento, CA 95833

Courtesy copy to listed Corporate Headquarters:

**STAFF MANAGEMENT, LLC**
860 West Evergreen Avenue
Chicago, IL 60642

cc: (Via electronic mail and U.S. Mail only)

Mark R. Theirman, Esq. (SBN 72913)
**THIERMAN LAW FIRM**
7287 Lakeside Drive
Reno, NV 89511
Tel: (775)284-1500 / Fax: (775)703-5027

David R. Markham, Esq. (SBN 71814)
**THE MARKHAM LAW FIRM**
750 B Street, Suite 1950
San Diego, CA 92101
Tel: (619) 399-3995 / Fax: (619)615-2067

Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, LP**
15760 Ventura Blvd., Suite 860
Encino, CA 91436
Tel: (818) 386-0444 / Facsimile: (818) 386-0050

Walter L. Haines, Esq. (SBN 71075)
**UNITED EMPLOYEES LAW GROUP, P.C.**
65 Pine Ave., Suite 725
Long Beach, CA 90802
Tel: (562) 256-1047 / Fax: (562) 256-1006

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

COHELAN KHOURY & SINGER
J. Jason Hill, Esq., SBN 179630
605 C Street, Suite 200
San Diego, California 92101
TELEPHONE NO.: 619-595-3001    FAX NO.: 619-595-3000
ATTORNEY FOR *(Name):* Plaintiff DAVID C. SALDANA, et al.

**FILED**
Superior Court Of California
County Of Los Angeles

DEC 19 2013

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Judi Lara

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
SALDANA, et al. v. AMAZON.COM, LLC, et al,

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC531096 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 19, 2013

J. Jason Hill, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|



CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: SALDANA, et al. v. AMAZON.COM, LLC, et al, | CASE NUMBER BC531096 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: SALDANA, et al. v. AMAZON.COM, LLC, et al, | CASE NUMBER |
| --- | --- |

| | A Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1. 2. 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: SALDANA, et al. v. AMAZON.COM, LLC, et al, | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: SALDANA, et al. v. AMAZON.COM, LLC, et al, | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☑1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: Primary business conduct for Defendants relate to their operations in the County of Los Angeles. Defendants failed to list an address for their agent for service of process with the State of California Secretary of State. Therefore, venue anywhere Defendant operates in the State is proper. |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___December 19, 2013___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

1   Michael D. Singer, Esq. (SBN 115301)
    J. Jason Hill, Esq. (SBN 179630)
2   **COHELAN KHOURY & SINGER**
    605 C Street, Suite 200
3   San Diego, CA 92101
    Tel: (619) 595-3001 / Fax: (619) 595-3000
4
    Christopher J. Hamner, Esq. (SBN 197117)
5   **HAMNER LAW OFFICES, LP**
    15760 Ventura Blvd., Suite 860
6   Encino, CA 91436
    Tel: (818) 386-0444 / Facsimile: (818) 386-0050
7
    Walter L. Haines, Esq. (SBN 71075)
8   **UNITED EMPLOYEES LAW GROUP, P.C.**
    65 Pine Ave., Suite 725
9   Long Beach, CA 90802
    Tel: (562) 256-1047 / Fax: (562) 256-1006
10
    Attorneys for Plaintiffs DAVID C. SALDANA, LADAISJA BREWSTER,
11  and MONICA CARLIN on behalf of themselves and all others similarly situated.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Class Action Complaint | Case No. _____ |