UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE: AMAZON.COM, INC.,
FULFILLMENT CENTER FAIR LABOR　　　　Master File No. 3:14-md-2504
STANDARDS ACT (FLSA) AND　　　　　　　　MDL Docket No. 2504
WAGE AND HOUR LITIGATION

THIS DOCUMENT RELATES TO:
*Saldana, et al. v. Amazon.com, LLC, et al.*,　　　　Case No. 3:14-cv-290-DJH

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Khadijah Robertson, the sole remaining plaintiff in this case, seeks compensation under California law from Defendants Amazon.com, LLC and Golden State FC, LLC, for time she spent undergoing or waiting to undergo security screenings at the Amazon facility where she worked. Amazon and Golden State have moved for summary judgment on Robertson's claims, arguing that time related to security checks is not compensable as "hours worked" under California's labor law. (Docket No. 64; *see* D.N. 64-1, PageID # 933-39) In the alternative, Amazon and Golden State contend that the time spent on the searches was de minimis and is therefore noncompensable. (D.N. 64-1, PageID # 939-43) Because Robertson has failed to show that there are "hours worked" for which she was not paid, the defendants' motion for summary judgment will be granted.

**I.**

The following facts are undisputed. Robertson was employed by Amazon for approximately three months in late 2013 at an Amazon fulfillment center in San Bernardino,

1

California. (D.N. 64-8, PageID # 960) She had worked there previously in 2013 and 2012 as a temporary employee of SMX, LLC.[1] (*Id.*)

To prevent theft, Amazon required all employees to walk through a metal detector on their way out of the building. (D.N. 64-3, PageID # 950-51; D.N. 64-8, PageID # 975) Of the ten metal detectors at the facility, four were "express lanes" for employees not carrying bags or metal objects. (D.N. 64-3, PageID # 951) Passing through security without personal items added no time to employees' exit from the building. (D.N. 64-8, PageID # 1012; D.N. 64-10, PageID # 1022; D.N. 64-11, PageID # 1026; D.N. 64-12, PageID # 1029-30) Employees carrying bags or metal objects had to send those items down a ramp and were subject to search. (D.N. 64-8, PageID # 1008-10; D.N. 64-10, PageID # 1022; D.N. 64-11, PageID # 1125-26) Robertson was not required to carry any items through security that would have set off the metal detectors. (D.N. 64-8, PageID # 988-90) Lockers were available to employees outside the secure area; however, Robertson chose to carry her keys through security every day. (D.N. 64-8, PageID # 961-63) She also opted to leave the secure area for lunch and rest breaks although the interior break rooms had microwaves, vending machines, and refrigerators. (D.N. 64-8, PageID # 996-1000)

**II.**

Summary judgment is required when the moving party shows, using evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* 56(c)(1). For purposes of summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) (citing *Anderson v.*

---

[1] SMX was also a defendant in this lawsuit but has settled the claims against it. (*See* D.N. 84)

2

*Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  However, the Court "need consider only the cited materials."  Fed. R. Civ. P. 56(c)(3); *see Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014).  If the nonmoving party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the fact may be treated as undisputed.  Fed. R. Civ. P. 56(e)(2)-(3).  To survive a motion for summary judgment, the nonmoving party must establish a genuine issue of material fact with respect to each element of each of her claims.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (noting that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial").

For purposes of the present motion, the primary dispute is whether time spent in security screenings amounts to "hours worked" under California law.  (*See* D.N. 64-1, PageID # 933; D.N. 78, PageID # 1309)  The relevant California wage order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code Regs. tit. 8, § 11040 (2017).  A plaintiff may prove her entitlement to compensation under either the "control" prong or the "suffered or permitted" prong of the definition.  *See Morillion v. Royal Packing Co.*, 995 P.2d 139, 143 (Cal. 2000).

The United States District Court for the Northern District of California recently applied the "hours worked" definition in a case involving facts similar to those presented here.  In *Frlekin v. Apple Inc.*, No. C 13-03451, 2015 U.S. Dist. LEXIS 151937 (N.D. Cal. Nov. 7, 2015), the plaintiffs

> s[ought] compensation for time spent undergoing exit searches pursuant to Apple's bag-search and technology-card search policies and for time spent waiting for such searches to occur.  These searches occurred when employees left

the premises with a bag, purse, backpack, or briefcase, or with an Apple product, such as an iPhone.

*Id.* at *4. After clocking out, plaintiffs with a bag or Apple device had to find a manager or security guard to conduct the search before they could leave the store. *Id.* at *5-*7.

In a thorough, well-reasoned opinion, the *Frlekin* court granted summary judgment for Apple. After reviewing relevant California law, the court concluded that the searches were not mandatory, since the "plaintiffs could all freely choose not to bring bags to work, thereby avoiding Apple's restrictions during exit searches," and thus the plaintiffs were not entitled to compensation under the "control" prong. *Id.* at *30; *see id.* at *10-*30. Moreover, because the plaintiffs "merely passively endured" the searches and "[n]either the searches nor waiting for them to be completed had any relationship to the[ plaintiffs'] job responsibilities," the searches were not compensable under the "suffered or permitted" prong. *Id.* at *35.

Robertson maintains that *Frlekin* is distinguishable. Unlike Apple's bag searches, she argues, Amazon's security screenings were mandatory for all employees; everyone had to pass through security before exiting the building. (D.N. 78, PageID # 1324-26) It is undisputed, however, that although everyone had to walk through a metal detector, employees who did not carry bags or metal objects passed through the metal detectors with no delay. (*See* D.N. 64-8, PageID # 1012; D.N. 64-10, PageID # 1022; D.N. 64-11, PageID # 1026; D.N. 64-12, PageID # 1029-30) Robertson chose to bring her keys into the secure area with her. (D.N. 64-8, PageID # 962-63) She also chose to leave the secure area during meal and rest breaks, taking her keys with her. (*Id.*; *see id.*, PageID # 996-1000) Like the plaintiffs in *Frlekin*, Robertson and other Amazon employees had an option for avoiding any delay related to security checks: leave personal items outside the secure area. *Cf.* 2015 U.S. Dist. LEXIS 151937 at *30.

4

Robertson acknowledges that Amazon employees had a choice as to "which line they had to pass through," and she offers no evidence to rebut the defendants' proof concerning the express-lane option. (D.N. 78, PageID # 1323) Indeed, she offers little evidence at all, citing only the following portions of her deposition:

- her statement that everyone had to go through security (which, as noted above, is undisputed) (D.N. 78-2, PageID # 1334);

- her opinion that time clocks should be located beyond the security checkpoint and her observation that other facilities are arranged that way (*id.*, PageID # 1340, 1335-36);

- her opinion that Amazon's data showing short wait times should not be trusted because she knows of several (unnamed) employees who complained about wait times and the data are inconsistent with her own experience (*id.*, PageID # 1337-39); and

- her observation that there was no difference in wait during Amazon's peak season as compared to non-peak times.

(*See* D.N. 78, PageID # 1314-15, 1324) Robertson fails to establish a genuine dispute of material fact with this handful of insubstantial citations to the record.

Nor is the Court persuaded by Robertson's case citations. Throughout her response brief, Robertson misleadingly asserts that the issue of whether employees must be compensated for security screenings is settled. (*See id.*, PageID # 1308 ("[S]everal . . . courts have held that time spent by employees undergoing similar 'bag check' or exit security clearances is compensable under California law."); *id.*, PageID # 1309 ("[T]here are at least five recent cases . . . holding that the time spent undergoing a security screening exit is compensable time under California law."); *id.*, PageID # 1322 ("At least five California-based federal district courts have already determined the precise issue before the Court: whether time spent in a security checkpoint is 'hours worked' under California law, and decided the issue in favor of employees.")) Four of the cases cited, however, were at the class-certification stage, and those courts merely found the compensability of security-screening time to be a common question of law for purposes of Rule

5

23.[2] *See Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 311 F.R.D. 590, 603, 612 (C.D. Cal. 2015); *Ceja-Corona v. CVS Pharmacy, Inc.*, No. 1:12-cv-01868-AWI-SAB, 2015 U.S. Dist. LEXIS 5118, at *14 (E.D. Cal. Jan. 14, 2015); *Otsuka v. Polo Ralph Lauren Corp.*, 251 F.R.D. 439, 445 (N.D. Cal. 2008); *Cervantez v. Celestica Corp.*, 253 F.R.D. 562, 572 (C.D. Cal. 2008). In the fifth case, the court was ruling on a motion to dismiss and rejected the defendants' argument that the plaintiffs' state-law claims were barred by *Integrity Staffing Solutions v. Busk*, 135 S. Ct. 513 (2014), "which held that time spent by employees waiting for and undergoing security screenings before leaving the workplace is not compensable under the [Fair Labor Standards Act]."[3] *Miranda v. Coach, Inc.*, No. 14-cv-02031-JD, 2015 U.S. Dist. LEXIS 51768, at *6 (N.D. Cal. Apr. 17, 2015); *see also Ceja-Corona*, 2015 U.S. Dist. LEXIS 5118, at *11 (finding that "Plaintiffs' claims under the California Labor Code are still viable in light of [*Busk*]").

Here, in contrast, the Court is faced with a motion for summary judgment. The record is complete, and the undisputed evidence shows that Amazon employees could choose to avoid any security-related delay by leaving personal items outside the secure area. Thus, for the reasons set out in *Frlekin*, Robertson is not entitled to compensation under the "control" prong of the hours-worked definition. *See* 2015 U.S. Dist. LEXIS 151937, at *10-*30. And because employees who were searched "merely passively endured" the searches, which bore no "relationship to their job responsibilities," the suffered-or-permitted prong is likewise inapplicable. *Id.* at *35. In light of this conclusion, the Court need not address whether the time Robertson spent on security screenings was de minimis.

---

[2] The court in *Frlekin* had reached the same conclusion but ultimately found the time noncompensable. *See* 2015 U.S. Dist. LEXIS 151937 at *8-*9.

[3] The parties agree that *Busk* is inapplicable here. (*See* D.N. 68, PageID # 1225; D.N. 78, PageID # 1305)

**III.**

For the reasons explained above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the defendants' motion for summary judgment (D.N. 64; MDL D.N. 202) is **GRANTED**. A separate judgment will be entered this date.

June 20, 2017

**David J. Hale, Judge
United States District Court**